IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEMETRIUS L. SPRINGS,

    Plaintiff,

v.                              CASE NO. 5:09cv5-SPM/EMT

M. VOSBRINK, et al.,

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon the Magistrate Judge's report and recommendation (doc. 7) dated March 20, 2009. Plaintiff was furnished a copy and has filed an objection (doc. 9). Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation is correct and should be adopted by the Court.

The Magistrate Judge found that Plaintiff failed to disclose the filing of a lawsuit relating to the fact or manner of his incarceration, which Plaintiff was required to disclose on his civil rights complaint form. Plaintiff does not object to this finding, but he argues that his case should not be dismissed without prejudice as recommended by the Magistrate Judge. Plaintiff explains that his failure to disclose the cases was caused by his reliance on an inmate law clerk,

who was assisting him, and his understanding that disclosure was not required because in forma pauperis status had not been granted for the earlier case

The language on the complaint form is simple and clear.  Plaintiff is warned that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  Doc. 1 at p. 6.  The form directs plaintiff to list cases he has initiated in state or federal court that relate to his incarceration or conditions of confinement.  Doc. 1. at ¶ IV. C., p. 7.  There is no limitation to cases where in forma pauperis status has been granted.

Even if, as Plaintiff argues, he was not deliberately untruthful, his failure to list his prior case demonstrates a reckless disregard of the requirements of litigation in federal court.  He knew about his prior case and did not follow the instructions on the complaint form, which were simple and clear.  Instead, he erred on the side of concealment.

 Plaintiff did not take seriously his attestation under penalty of perjury that the information contained in his complaint form was true and correct.  When Plaintiff fails to take his own cases seriously, dismissal without prejudice, is an appropriate sanction.  Accordingly, it is

ORDERED AND ADJUDGED:

1. The Magistrate Judge's report and recommendation (doc. 7) is

CASE NO. 5:09cv5-SPM/EMT

adopted and incorporated by reference into this order.

      2.      This case is dismissed without prejudice under 28 U.S.C. §1915(e)(2)(B)(I) as malicious.

      DONE AND ORDERED this 9th day of April, 2009.

      *s/ Stephan P. Mickle*
      Stephan P. Mickle
      United States District Judge