IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEMETRIUS L. SPRINGS,

        Plaintiff,

v.                              CASE NO. 5:09cv5-SPM/EMT

M. VOSBRINK, et al.,

        Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Relief from Judgment. Doc. 12. For the following reasons, the motion will be denied.

1.    The motion was filed more than one year from the date of the final judgment.

2.    Plaintiff has not asserted grounds sufficient to grant relief under Rule 60(b)(6). Relief under Rule 60(b)(6) is limited to extraordinary circumstances. <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984). It is not meant to consider arguments that could have been made before entry of judgment or on appeal. <u>United States v. Gould</u>, 301 F.2d 353, 355-56 (5th Cir.

1962) (in deciding a 60(b) motion a court should consider, among other factors, that the motion is not a substitute for appeal and not a second chance for making arguments that the movant had an opportunity to make before judgment).

3. Section 1915 does not state whether dismissal under its terms is with or without prejudice. Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986) Therefore, when the Court dismissed Plaintiff's case as malicious under section 1915, the Court specified that the dismissal was "without prejudice." The dismissal without prejudice was appropriate because Plaintiff's failure to disclose his prior litigation appeared to stem from a reckless disregard of his obligation to the Court rather than flagrant, willful misconduct. Id. at 438 ("[D]ismissal with prejudice under section 1915 should be limited to cases presenting a clear record of delay or willful or contumacious conduct."). Because the dismissal was without prejudice, Plaintiff retained his opportunity to bring his claims in a new case.

4. Plaintiff was seeking in forma pauperis status in this case. See doc. 2. The information about Plaintiff's prior litigation was relevant to determine whether he was entitled to proceed in forma pauperis. The Court did not dismiss Plaintiff's case for failure to exhaust administrative remedies. c.f. Jones v. Bock, 549 U.S. 199, 216 (2007) (prisoners are not required to plead exhaustion in their

§ 1983 complaints because it is an affirmative defense).

CASE NO. 5:09cv5-SPM/EMT

Based on the foregoing, it is

ORDERED AND ADJUDGED:  Plaintiff's Motion for Relief from Judgment (doc. 12) is denied.

DONE AND ORDERED this 9th day of June, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge